# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

| | | |
|---|---|---|
| KENNETH L WALLER, | * | |
| ADC #103829 | * | |
| | * | |
| Petitioner, | * | |
| v. | * | No. 4:19-cv-00312-BSM-JJV |
| | * | |
| DEXTER PAYNE, Director, | * | |
| Arkansas Division of Correction, | * | |
| | * | |
| Respondent, | * | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>    Clerk, United States District Court
>    Eastern District of Arkansas
>    600 West Capitol Avenue, Suite A149
>    Little Rock, AR 72201-3325

## I.   DISPOSITION

On August 12, 2010, Kenneth Waller, Petitioner, pleaded guilty to felony theft of property and was sentenced to ten years' suspended imposition of sentence. (Doc. No. 8-2 at 1.) On May 15, 2018, Waller pleaded guilty to violating the terms and conditions of his suspended imposition of sentence and was sentenced to three years imprisonment in the Arkansas Department of Correction ("ADC"). (Doc. No. 8-3 and 8-4.)

The Arkansas Parole Board ordered Mr. Waller's custody transferred to the Arkansas Department of Community Correction ("ACC") after he completed a Substance Abuse Treatment Plan ("SATP"). (Doc. No. 8-6.) Mr. Waller asked the Parole Board for reconsideration regarding the pre-release condition three times, with each being denied on December 16, 2018, February 1, 2019, and February 24, 2019. (Docs. No. 8-7, 8-8, & 8-9.) On March 28, 2019, Mr. Waller filed a Petition for Judicial Review of the Parole Board's decision in the Pulaski County Circuit Court. (Doc. No. 8-11.) In the petition, Waller claims the Arkansas Parole Board's determination of his parole-eligibility date and imposition of the SATP pre-release condition violate his federal and state constitutional rights. On September 23, 2019, the circuit court dismissed the petition after finding Mr. Waller had not properly served the Respondent according to Rule 4(i) of the Arkansas

Rules of Civil Procedure. *Waller v. John Felts, Chairman, Arkansas Parole Board*, No. 60CV-19-2081 (Pulaski County Cir. Ct. filed March 28, 2019).

Mr. Waller filed the instant petition for federal habeas relief on May 1, 2019, alleging the ADC calculation of his parole eligibility date violated his rights under due process, *ex post facto*, and equal protection clauses of the United States Constitution. Additionally, he asserts that the SATP pre-release condition constitutes cruel and unusual punishment in violation of the Eighth Amendment and violates his constitutional rights under the due process, ex post facto, equal protection, and double jeopardy clauses.

On July 26, 2019, the Arkansas Parole Board rescinded Mr. Waller's transfer eligibility after a major disciplinary action for "Possession/Introduc[ing] Drugs" and "Possession/Introduction of Clothing" into the facility. (Doc. No. 10-1 at 2.) Mr. Waller's inmate classification rating was lowered from a Class II to a Class IV because of the infraction. On November 7, 2019, Mr. Waller received another major disciplinary infraction, this time for battery, assault, and failure to obey the orders of staff. His classification remains at Class IV because of this incident. (Doc. No. 10-1 at 1.)

Given Mr. Waller's recent change in status, he is now ineligible for a transfer into ACC for parole. Thus, his claims regarding the SATP pre-transfer condition are now moot and his Petition should be dismissed.

## II.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1.   Mr. Waller's § 2241 Petition (Doc. No. 2) be DISMISSED and the requested relief be DENIED.

2.   No certificate of appealability shall issue.[1]

DATED this 3rd day of December 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In cases where the Petition is clearly successive, no certificate of appealability shall be issued.

4